

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Loyd Kennedy
County Attorney
Cochran County
Morton, T e x a s

Dear Sir:

Opinion No. O-2585

Re: Where there are three candidates
for the office of county judge,
and one received 417 votes, and
two received 296 votes each, how
shall the County Executive Com-
mittee determine which of the two
candidates, who tied for second
place in the general primary, is
entitled to enter the second pri-
mary?

Your recent letter states that in the general
primary election in Cochran County, one candidate for
the office of county judge received 417 votes and two
other candidates received 296 votes each. With parti-
cular reference to Article 3126, Revised Civil Statutes
of Texas, you request the opinion of this department as
to how the County Executive Committee shall determine
which of the two candidates who tied for second place
shall be placed on the ballot for the second primary.
You state that the Executive Committee desires to fol-
low the procedure of Article 3126.

Article 3126 reads as follows:

"Art. 3126. 3124 TIE IN PRIMARY
If it appears that for a county or pre-
cinct office, the largest vote has been cast
for two candidates for the same office, and
that they have each received the same number
of votes, the chairman of the executive com-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Loyd Kennedy, page 2

mittee shall, in the presence of the executive
committee or the county convention, as the case
may be, cast lots for the nomination in such
manner as they may direct and in the presence
of rival candidates, if they desire to be pres-
ent, and declare and certify the name of that
candidate who is successful by lot."

The terminology of Article 3126 "if it appears
that * * * the largest vote has been cast for two candi-
dates for the same office" strictly applies, it is be-
lieved, to the situation where the two candidates receiv-
ing the largest vote have each received the same number
of votes, rather than to the situation where the sum
total of the votes received by two candidates who have
tied for second place exceeds the vote received by the
candidate receiving more votes than either of them.

In this connection, Article 3106 must also be
considered. It reads as follows:

"Art. 3106. 3091-2 MAJORITY OR PLURALITY VOTE
The county executive committee shall decide
whether the nomination of county officers shall
be by majority or plurality vote, and, if by a
majority vote, the committee shall call as many
elections as may be necessary to make such nom-
ination, and in case the committee fails to so
decide, then the nomination of all such officers
shall be by a plurality of the votes cast at
such election."

Presumably, the Cochran County executive commit-
tee has provided by proper resolution, as contemplated
by this statute, that nominations for county and pre-
cinct officers shall be by a majority vote. And since
no candidate, under the stated facts of your inquiry,
received a majority of the votes cast for the office of
county judge, it will be necessary to have a second pri-
mary election to select the Democratic party nominee for
the office in question. We therefore notice Article
3102 in its following provision:

"  * * * *  Any political party may hold a

Hon. Loyd Kennedy, page 3

second primary election on the fourth Saturday
in August to nominate candidates for any coun-
ty or precinct office, where a majority vote is
required to make nomination; but at such second
primary, only the two candidates who received
the highest number of votes at the general pri-
mary for the same office shall have their names
placed upon the official ballot. * * * ."

However, since of the three candidates for
county judge, one received less than a majority and two
received the same number of votes for second place, it
is seen that there are no two candidates who "received
the highest number of votes at the general primary."

Whether the authority contained in Article 3106
for the county executive committee to call as many elec-
tions as may be necessary to make a nomination contem-
plates and authorizes the committee to adopt some such
procedure in this situation is problematical in view of
the general terminology of the statute.

We therefore have the anamolous situation aris-
ing which no statute expressly or by necessary implica-
tion regulates and controls. This being true, it would
seem that the only solution would rest in the power and
discretion of the executive committee of the party which
would authorize the party through its committee to adopt
a procedure whereby a party nomination by a majority
vote may be secured, provided that the procedure so
adopted does not conflict with any of the statutes reg-
ulating party nomination. This principle was recognized
by Mr. Justice Hawkins, in the case of BRENE v. WAPLES,
108 Tex. 140, 187 SW 191, wherein it was declared:

"In the absence of constitutional or stat-
utory restriction upon their duties and powers,
the duly existing authorities of a political
party, such as state and county executive com-
mittees, in accordance with party usage, may
make and enforce all reasonable regulations re-
lating to nominations within such party includ-
ing reasonable assessments against any and all
candidates for such nominations."

Hon. Loyd Kennedy, page 4

It was likewise declared by Mr. Justice Pierson in LOVE v. BUCKNER, ET AL, 49 SW (2d) 425:

"We do not think it consistent with the history and usages of parties in this state nor with the course of our legislation to regard the respective parties or the state executive committees as denied all power over the party membership, conventions, and primaries, save where such power may be found to have been expressly delegated by statute. On the contrary, the statutes recognize party organizations including the state committees, as the repositories of party power, which the Legislature has sought to control or regulate only so far as was deemed necessary for important governmental ends, such as purity of the ballot and integrity in the ascertainment and fulfillment of the party will as declared by its membership."

We are therefore of the opinion that the Cochran County Democratic Executive Committee would be authorized in its discretion to adopt the procedure outlined by Article 3126 and thereby determine which of two candidates for the office of county judge for Cochran County, each of whom received the same number of votes for second place in the general primary, may be placed on the ballot in the second primary election.

We reserve the question as to the authority of the committee to adopt any procedure other than that described in Article 3126 inasmuch as you have requested our opinion only with reference thereto.

APPROVED AUG 10, 1940

*Glenn R. Lewis*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Zollie C. Steakley*
Zollie C. Steakley
Assistant

ZCS:eb

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN